United States District Court
Southern District of Texas

**ENTERED**

March 12, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Forget Me Not Bar CC, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-23-2720 |
| | § | |
| | § | |
| Forget Me Not Kitchen and | § | |
| Cocktail Lounge, Imaine Molo, | § | |
| et al., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This trademark infringement case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 29. Pending before the court is Plaintiff's Renewed Motion for Sanctions. ECF No. 65. Plaintiff seeks default judgment against Imaine Molo as a sanction for failure to participate in discovery. The court recommends that the motion be granted in part and that default judgment be entered against Imaine Molo.

### *1. Background and Timeline*

The court will summarize the events leading to Plaintiff's instant motion, but the full history is set forth in ECF Nos. 23, 31, 36, 38, 39, 42, 44, 46, 54, and 58. No objections have been filed with respect to any of the orders the undersigned has entered in this case.

Plaintiff filed its first motion for discovery on March 19, 2024. ECF No. 19. The court held a hearing, granted the motion, and entered specific discovery orders for Molo to follow. ECF No. 23. Molo did not comply with the court's orders, so Plaintiff filed a motion seeking sanctions. ECF No. 31. On May 31, 2024, the court granted the motion in part and entered several orders,

including that Molo come into full compliance with the court's discovery orders. *Id.* The court stated in bold text that **"Molo is ADMONISHED that failure to fully comply with the court's orders and the discovery process is likely to result in sanctions, including entry of default judgment."** *Id.* The court scheduled another hearing for June 24, 2024, and ordered Molo to be physically present for the hearing. *Id.* The court also ordered that defense counsel ensure Molo's presence at the June 24, 2024 hearing. ECF No. 34.

Molo failed to show for the June 24, 2024 hearing. ECF No. 36. The court contacted Molo by phone from the courtroom, and she acknowledged that she knew about the hearing. *Id.* The court set a hearing for June 28, 2024, for Molo to show cause why she should not be held in contempt, ordered to pay attorney's fees, and have default judgment entered against her. *Id.*

Molo appeared on June 28, 2024, for the show-cause hearing. The court found that Molo had been evasive in answering discovery, and that she purposefully failed to attend the June 24, 2024 hearing. ECF No. 38 at 1. The court ordered Molo to pay $1,485 in attorney's fees to compensate Plaintiff's counsel for the time wasted in attending the June 24 and 28 hearings. *Id.*

On July 3, 2024, the court signed an agreed order for Molo to come into compliance with the court's prior orders by July 15, 2024. ECF No. 39. The court also ordered that Molo's deposition take place by August 9, 2024. *Id.* Molo was ordered to pay the monetary sanction mentioned above by July 28, 2024. *Id.* A joint status report was due on August 13, 2024. *Id.*

On August 20, 2024, Plaintiff's counsel filed a status report without any input from Molo's counsel, apparently because Molo's counsel did not respond to a request for input. ECF No. 41. According to the status report, Molo had not produced any documents in response to requests for production, did not appear

for her deposition, and had failed to pay the monetary sanction the court ordered. *Id.*

On August 21, 2024, the court ordered that by August 23, 2024, Molo was to file a written and sworn statement showing cause for her failure to abide by the court's orders and why default judgment should not be entered against her. ECF No. 42. The court set a show cause hearing for August 30, 2024. The court ordered Molo to be present at the hearing. The court again admonished Molo in all capital, bold text that failure to abide by the court's orders would be cause for entry of default judgment. *Id.* at 3. The court again ordered Molo's counsel to provide a copy of the order to Molo and to file proof of service on the court's docket. *Id.*

On August 30, 2024, Molo filed a Second Response to Order to Show Cause, in which she detailed her efforts to comply with the court's discovery orders. ECF No. 43. The court held the show cause hearing on August 30, 2024. Molo did not appear at the hearing. The court concluded that Molo had failed to comply with the court's show cause order. ECF No. 44. The court found that Molo's pattern of disobeying court orders, failures to appear, and failures to comply with the discovery process would justify sanctions, including entry of default judgment against her. However, because Molo had made some effort to comply with her discovery obligations, the court decided to refrain from imposing sanctions at that time. *Id.* The court again admonished Molo that further refusal to comply with the discovery process was completely unacceptable. *Id.* The court concluded that any future refusal to comply with court orders would be directly attributed to Molo and not her counsel. *Id.* The court again stated that failures to comply with court orders or the discovery process would result in entry of default judgment against Molo. *Id.* The court ordered that Molo pay $2,370 in attorney's fees and entered further discovery orders. *Id.* at 2. The court overruled all of Molo's

objections to any pending discovery requests. The court yet again admonished Molo in bold, all capital text that she was facing entry of default judgment and payment of full attorney's fees in the event she failed to comply with her discovery obligations.

At an October 25, 2024 hearing, the parties announced that Molo had reached a tentative settlement agreement with Plaintiff. ECF No. 46. On November 23, 2024, Plaintiff notified the court that settlement discussions had failed and requested that the court take under advisement the previous motion for sanctions. ECF No. 54. At a hearing on December 13, 2024, the court granted leave for Plaintiff to renew its motion for sanctions by January 3, 2025. The court ordered Molo to respond by January 24, 2025, and allowed Plaintiff to reply by January 31, 2025. ECF No. 58. Plaintiff filed its Renewed Motion for Sanctions on January 2, 2025. ECF No. 65. Molo, who continues to be represented by counsel, did not respond and the time to do so has passed.

### 2. *Plaintiff's Motion for Default Judgment as a Sanction*

Molo did not respond to the pending motion. In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a dispositive motion generally cannot "be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition); *Smith v. AZZ Inc.*, No. 20-cv-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. Mar. 23, 2021) (citing *Eversley*, 843 F.2d at 174) (taking as true the facts set forth in the moving party's motion for summary judgment). Accordingly, the court takes as true the facts set forth in the

Renewed Motion for Sanctions. Specifically, the court takes as true Plaintiff's representation that Molo failed to comply with the court's August 30, 2024 Order (ECF No. 44). *See* ECF No. 65 (listing five categories of information encompassed within the August 30, 2024 Order that Molo has failed to produce).

When a party fails to obey a discovery order, the court may impose sanctions, including rendering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(v). District courts have broad discretion in crafting appropriate sanctions under Rule 37. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Sanctions other than litigation-ending or "death penalty" sanctions must be just and related to the particular issue addressed by the discovery order that was violated. *Id*. On the other hand, before litigation-ending or "death penalty" sanctions can be imposed, the court must consider: (1) whether the discovery violation was willful or done in bad faith; (2) whether fault lies with counsel or the client; (3) prejudice; and (4) whether lesser sanctions would achieve the desired deterrent effect. *Id*. at 758–59.

The record in this case warrants the entry of default judgment. The discovery requests in this case are not complicated or difficult to comply with. It is clear to the court that Molo is simply unwilling to turn over the requested documents and things. She has twice failed to appear at hearings, and the court found that she had "been evasive in answering discovery and purposefully failed to attend the June 24, 2024 hearing." ECF No. 38 at 1. Her discovery violations are both willful and in bad faith. The fault lies completely with Molo. The court ordered on August 30, 2024, that all future refusals to comply with discovery would be attributed directly to Molo. ECF No. 44. The court has no evidence to show that Molo's failure to comply with the court's discovery orders should be blamed on her lawyer. Plaintiff has

been severely prejudiced in this case. Molo has cost Plaintiff time and money and has prevented Plaintiff from learning many of the basic facts that are uniquely in Molo's possession. Lesser sanctions, including attorney's fees and repeated admonishments, have been futile. There appears to be no court order that Molo will heed. Default judgment is warranted and is recommended.

### 3. *Default Judgment*

Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). The allegations in the complaint, along with any additional evidence presented by the movant, must be sufficient to support the requested judgment. *GuideOne Ins. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. Dec. 7, 2011) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Well-pleaded factual allegations are assumed to

be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

For the reasons discussed above, entry of default judgment is procedurally appropriate. Molo has purposefully avoided her discovery obligations, and Rule 37 allows entry of default judgment under these circumstances. There are no material fact disputes. The grounds for entering default, discussed above, are clear. There is no good faith mistake or excusable neglect. Molo's actions have been willful and deliberate. While default judgment is a severe sanction, as discussed below, Plaintiffs have been severely prejudiced and there are no lesser sanctions available to bring Molo into compliance with the court's orders. The court can imagine no circumstance under which the court would be obliged to vacate this order.

Plaintiffs have presented a colorable claim. The Second Amended Complaint (SAC), ECF No. 62, is the live pleading in the case. Plaintiffs allege that they own and operate a restaurant and bar in Denver Colorado under the name "FORGET ME NOT." SAC ¶ 9. Plaintiff's parent company, Culinary Creative, has plans to expand into the Houston, Texas market. SAC ¶ 11. Plaintiff owns United States Trademark Registration No. 7,122,252 for the trademark "FORGET ME NOT" for Bar and restaurant services (the FORGET ME NOT Mark). SAC ¶ 12. Plaintiff has used the FORGET ME NOT Mark continuously in commerce for its restaurant and bar services since March 10, 2021. SAC ¶ 13. Plaintiff's use, promotion, and offering of high-quality services under the FORGET ME NOT Mark has allowed Plaintiff to acquire distinction, reputation, and goodwill belonging exclusively to Plaintiff. SAC ¶ 22.

Defendants Booker and Copeland own and operate a restaurant under the name FORGET ME NOT in Houston, Texas, also known as "Forget Me Not Kitchen and Cocktail Lounge."

SAC ¶ 23. Defendant's restaurant is thus using and marketing itself under a mark identical to Plaintiff's. SAC ¶ 24. That includes use of a mural on a wall that is similar to a mural displayed at Plaintiff's restaurant. SAC ¶ 26. Defendants' restaurant and bar services are identical to Plaintiff's restaurant and bar services. SAC ¶ 27. Defendant Molo markets, advertises, and promotes the restaurant in Houston under the infringing mark using her social media account. SAC ¶ 29.

Plaintiff alleges that Defendant's restaurant and bar services are of a lower quality than Plaintiff's. SAC ¶ 31. Plaintiff sent a cease and desist letter to Defendants, but did not receive a substantive response. SAC ¶¶ 32, 33. Defendants' continued marketing of its restaurant and bar services under Plaintiff's FORGET ME NOT Mark is likely to cause confusion, mistake, and deception among the public, who will mistakenly believe that Defendant's restaurant and bar services originate with or are authorized by Plaintiff. SAC ¶ 34. Some consumers have been actually confused, which is evidenced by consumers contacting Plaintiff about Defendants' restaurant in Houston. SAC ¶ 35.

The foregoing facts are sufficient to support a cause of action for federal Trademark Infringement under 15 U.S.C. §§ 1114(a) and 1125(a)(1)(A).[1] Under 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Molo's profits.

Plaintiff calculates its damages by reference to Molo's own deposition testimony. ECF No. 65 at 7. Plaintiff has determined from Molo's testimony that she worked as a promoter for the infringing restaurant for a total of 103 days and earned between $1,500 and $2,000 per day. Taking her average earnings of $1,750

---

[1] Plaintiff alleges several other causes of action, but the court need not address every cause of action. Plaintiff is entitled to the damages and remedies it seeks under the federal Trademark Infringement cause of action alone.

and multiplying by 103 days, results in earnings, i.e. profits, of $180,250. It is Molo's burden to prove any costs or deductions. 15 U.S.C. § 1117. However, Molo did not respond, so the court has no evidence of any reductions that should be made to the total profits she earned.

Default judgement in the amount of $180,250 should be entered against Molo with pre- and post-judgment interest at the applicable rate. Pursuant to Rule 54(b), the court finds that there is no just reason for delay in entering final judgment against Molo. Thus, the court recommends that the default judgment against Molo be entered as final.

Plaintiffs also seek attorney's fees under Rule 37(b)(2)(C). Plaintiffs only state their total attorney's fees, but do not present any evidence of their counsel's reasonable hourly rate or hours expended. The court has an independent duty to determine the reasonableness of the attorney's fees being sought and cannot do that without evidence of both the hourly rate being charged, and the number of hours spent. The request for attorney's fees is therefore denied without prejudice to refiling it with appropriate supporting documentation within 14 days of entry of final judgment. Rule 54(d)(2)(B).

Plaintiffs also appear to seek costs. In the Southern District of Texas, costs must be sought by filing a bill of costs after final judgment has been entered. S.D. Tex. L.R. 54.2.

### 4. *Conclusion*

The court recommends that Plaintiff's Renewed Motin for Sanctions be **GRANTED IN PART**. The court recommends that default judgment in the amount of $180,250 be entered against Molo. Because there is no just reason for delay, the court recommends that the default judgment against Molo be entered as a separate final judgment under Rule 54(b). The court recommends

that the request for attorney's fees and costs be **DENIED WITHOUT PREJUDICE**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on March 12, 2025.

_____
Peter Bray
United States Magistrate Judge