United States District Court
Southern District of Texas
**ENTERED**
September 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Forget Me Not Bar CC, LLC, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action H-23-2720 |
| § | | |
| Forget Me Not Kitchen and § | | |
| Cocktail Lounge, et al., § | | |
| *Defendants.* § | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 29. Pending before the court is Plaintiff's Motion for Default Judgment, ECF No. 91, and Defendant Marcus Booker's Motion to Extend Time to File Original Answer to Plaintiff's Second Amended Complaint, ECF No. 93. The court recommends that Plaintiff's Motion for Default Judgment, ECF No. 91, be **DENIED**. Defendant Booker's Motion to Extend Time, ECF No. 93, is **GRANTED**.

### *1. Background*

Defendant Marcus Booker was added as a party to this case on December 30, 2024, when Forget Me Not Bar CC, LLC, filed its Second Amended Complaint. ECF No. 62. Plaintiff alleges that Defendants Booker and Joe Copeland[1]—co-owners and co-operators of Forget Me Not Kitchen and Cocktail Lounge in Houston, Texas—have infringed upon Plaintiff's "FORGET ME NOT" trademark. *Id.* at 1, 5.

Booker was served with process on February 8, 2025, after the court granted a motion for extension of time for Plaintiff to

---

[1] Joe Copeland was named as a defendant in Plaintiff's First Amended Complaint on November 15, 2024. ECF No. 49.

complete service. ECF Nos. 70, 71. Booker's answer to Plaintiff's Second Amended Complaint was due on March 3, 2025. ECF No. 71. Booker did not file an answer by the answer deadline. However, on April 11, 2025, co-Defendant Copeland filed his own answer to Plaintiff's Second Amended Complaint. ECF No. 77.

On April 24, 2025, the court held an initial conference. ECF No. 79. Booker did not appear. As a result, the court's Hearing Minutes and Order instructed, "[t]he Clerk of Court shall enter default against Marcus Booker. By May 30, 2025, Plaintiff may file a motion for default judgment against Defendant Booker." *Id.*

After it was granted two extensions of time, Plaintiff filed its Motion for Default Judgment against Booker on July 30, 2025. ECF Nos. 88, 90, 91. The next day, July 31, 2025, Booker filed his answer to Plaintiff's Second Amended Complaint—almost five months after it was due. ECF No. 92. Booker's answer is identical in content to Copeland's earlier answer. *See id*; ECF No. 77.

Booker now seeks an extension of time to file his original answer to Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 6(b)(1)(B). ECF No. 93. Booker argues that his failure to timely answer was due to "excusable neglect," attributable to his "mistaken belief" that he and Copeland were both represented by the same attorney "and that an answer had been filed on his behalf." *Id.* at 2.

Plaintiff, having moved for default judgment against Booker, opposes Booker's motion for extension of time. ECF No. 96. It argues that Booker has not shown excusable neglect under Rule 6(b)(1)(B). *Id.* at 4. Plaintiff also maintains that relief is improper under Rule 6(b)(1)(B) because there was an entry of default, so "Booker should have requested relief from the entry of default under Fed. R. Civ. Pro. 55(c)." *Id.* at 2.

## 2. Legal Standard and Analysis
### a. Plaintiff's Motion for Default Judgment

A motion for default judgment requires the court to determine: (1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, 17-cv-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Judgments by default are a drastic remedy and are disfavored by the court. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *see also Lindsey*, 161 F.3d at 893. The court may not enter a default judgment where the court finds that the defendant intends to defend the action. *See Nava v. RM Detailing, Inc.*, No. CIV A H-06-1172, 2007 WL 207291, at *2 (S.D. Tex. Jan. 23, 2007) ("Rule 55(b)(2) prohibits the court from entering default judgment '[i]f the party against whom judgment by default is sought has appeared in the action.'"). Filing an appearance and an answer to the complaint indicate that the

party intends to defend the action. *E.g.*, *Silva Int'l, Inc. v. Silva Ultramind Sys., LLC*, No. CIV.A. L-08-99, 2008 WL 4694210, at *2 (S.D. Tex. Oct. 23, 2008) (finding intent to defend where the defendant appeared and filed an answer to the plaintiff' complaint ten days after the deadline). Here, entry of final default judgment would be too harsh, as Booker—having filed his answer and a timely response to Plaintiff's motion—is now present in this case and wishes to defend himself against Plaintiff's claims. *See* ECF No. 94 at 1 ("Now that Defendant Booker has secured counsel, he intends to fully defend himself in this matter.").

The court would likely be obliged to vacate default judgment later, were the defaulting Defendant to request it. Plaintiff's motion, ECF No. 91, should be **DENIED**.[2]

### b. *Defendant Booker's Motion to Extend Time*

The parties dispute whether default was entered in this case and, by extension, whether Booker's Motion to Extend Time under Rule 6(b)(1)(B) is appropriate or whether Booker is instead required to first seek vacatur of the entry of default before proceeding with any other requests for relief, pursuant to Rule 55(c). *See* ECF No. 93 at 3; ECF No. 96 at 2–3. Under either rule, the court reaches the same conclusion and **GRANTS** Booker's Motion to Extend Time.

#### i. *Fed. R. Civ. P. 6(b)(1)(B)*

Under Rule 6(b)(1)(B), upon a party's motion, the court may extend a deadline after the time for filing has expired if the movant establishes good cause and "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine if the movant has established "excusable

---

[2] The court also notes that Plaintiff did not comply with Local Rule 5.5. In the Southern District of Texas, "[m]otions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." L.R. 5.5. Because Plaintiff has not shown that it met this requirement, entry of default judgment would not be procedurally proper.

neglect," the court weighs four factors: "(1) the possibility of prejudice to the other parties, (2) the length of the [movant's] delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

The first factor is "the possibility of prejudice to the other parties." *Salts*, 676 F.3d at 474. To prove it will be prejudiced, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Plaintiff argues it is prejudiced because it has "expended significant resources" in this litigation, and the value of injunctive relief "is reduced every day." ECF No. 96 at 6, 8. However, Plaintiff has presented no evidence that there would be "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Plaintiff has not shown that it will suffer prejudice because of the delay. Therefore, this factor weighs in favor of granting Booker's motion for extension of time.

The second factor is "the length of the [movant's] delay and its impact on the proceeding." *Salts*, 676 F.3d at 474. This factor weighs against granting the motion when it would cause "significant delay" that would "greatly impact the proceedings." *Crown Castle Fiber LLC v. Pasadena*, 618 F. Supp. 3d 567, 579 (S.D. Tex. 2022) (weighing this factor against movant's request for leave to file its answer when the case's discovery deadline had already passed). Here, Booker did not file an answer to Plaintiff's second amended complaint until July 31, 2025—almost five months after the March 3, 2025 deadline. ECF Nos. 71, 92. However, granting Booker's motion will not "greatly impact the proceedings." The discovery deadline has not passed—it is set for December 31, 2025. ECF No. 80 at 2. Plaintiff's claims against

5

Booker and Copeland are identical (ECF No. 62), and the defendants' answers are identical in content (ECF Nos. 77, 92). Booker's answer did not have an impact on any material facts that may affect the current deadlines set in the case. In any event, the court can alter the schedule to ameliorate any potential prejudice. The second factor weighs in favor of granting Booker's motion for extension of time.

The third factor is "the reason for the delay and whether it was within the control of the movant." *Salts*, 676 F.3d at 474. Booker maintains that the reason for the delay was his "mistaken belief that he was represented by" his co-defendant's counsel. ECF No. 93 at 2. He states that once he learned he was mistaken, he retained his co-defendant's counsel as his own and filed his answer. ECF No. 93-1 at 1. Though he may have been mistaken, Booker was the cause for delay, and the delay was within his control. Therefore, this factor weighs against granting Booker's motion for extension of time.

The fourth factor is "whether the movant has acted in good faith." *Salts*, 676 F.3d at 474. When there is no evidence to demonstrate that the moving party acted in bad faith, "this factor weighs in favor of granting" that party's motion for extension of time. *Crown Castle*, 618 F. Supp. 3d at 579. Here, there is no evidence that Booker acted in bad faith by failing to timely answer. Therefore, this factor weighs in favor of granting Booker's motion for extension of time.

On balance, the four factors weigh in favor of finding of excusable neglect, and thus, in favor of granting Booker's motion for extension of time. Therefore, the court **GRANTS** Booker's motion under Federal Rule of Civil Procedure 6(b)(1)(B).

### *ii. Fed. R. Civ. P. 55(c)*

While this court disagrees with Plaintiff's argument that there was an entry of default against Booker, it believes that even

6

if default had been entered, the analysis under Federal Rule of Civil Procedure 55(c) supports granting Booker's motion. A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether "good cause" exists, the court weighs factors, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292. "Other factors may also be considered, including whether 'the defendant acted expeditiously to correct the default.'" *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

"A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292. Plaintiff argues that Booker's failure to answer is "more likely than not a purposeful, willful tactic," ECF No. 96 at 7, but there is no evidence to support this assertion. In his declaration, Booker says that he "mistakenly believed that, as partners, Joe Copeland's answer in this lawsuit, and [Copeland's] representation by the Curry Law Firm, also served as [his] own answer and [his] legal representation." ECF No. 93-1 at 1. Once he realized that he was wrong, Booker quickly filed an answer. *Id.*; ECF No. 92. This is "not a case of a defendant's 'choosing to play games' with the district court by failing to act on the litigation." *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 183). There is no evidence to indicate that Booker's failure to respond was willful or anything more than a misunderstanding. Thus, this factor weighs in favor of finding good cause.

It weighs against a finding of good cause when "setting [the default] aside would prejudice the adversary." *Lacy*, 227 F.3d at 292. As previously discussed, Plaintiff is not likely to suffer prejudice if Booker is granted an extension of time. Therefore, this factor also weighs in favor of finding good cause.

7

The court may also consider whether the defendant has presented a "meritorious defense" and "whether the defendant acted expeditiously to correct the default." *Id.* (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)) (internal quotations omitted). At this stage in the litigation, it is too early to determine if Booker has a meritorious defense, so this factor is, at most, neutral. However, Booker did act expeditiously to correct the default. The day after Plaintiff filed its Motion for Default Judgment, Booker filed his answer. The fact that Booker acted quickly upon learning of Plaintiff's motion weighs in favor of finding good cause.

On balance, because the factors weigh in favor of finding good cause to set aside the entry of default—if an entry of default had been entered—the court **GRANTS** Defendant Booker's Motion to Extend Time.

### *3. Conclusion*

The court recommends that Plaintiff's Motion for Default Judgment, ECF No. 91, be **DENIED**. Defendant Booker's Motion to Extend Time, ECF No. 93, is **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 12, 2025.

_____
Peter Bray
United States Magistrate Judge